UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TIMOTHY HIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CV-288 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of objections by Plaintiff, Timothy Hixon, ("Plaintiff") [Doc. 16] to the report and recommendation filed by United States Magistrate Judge C. Clifford Shirley. [Doc. 15.] Magistrate Judge Shirley found that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence in the record as a whole and recommended that Plaintiff's motion for summary judgment [Doc. 9] be denied and that Defendant Commissioner's motion for summary judgment [Doc. 13] be granted.

This Court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted). If,

under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which Plaintiff objects. In considering the Plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, the administrative record, and all related filings. For the reasons that follow, Plaintiff's objections will be overruled.

In his objection, Plaintiff first contends that the ALJ failed to give the opinion of Donald Douglas, M.D. ("Dr. Douglas"), proper weight as a treating physician. Plaintiff argues that the ALJ erred in discounting the findings and opinions of Dr. Douglas contained in a document entitled "Lumbar Spine Residual Functional Capacity Questionnaire" ("Lumbar Questionnaire"). [Tr. 467-71.] According to the ALJ, in the Lumbar Questionnaire, Dr. Douglas "listed residual functional capacity limitations commensurate with an inability to perform even unskilled sedentary work, or ANY substantial gainful activity on a sustained basis." [Tr. 21.] In his opinion, the ALJ decided to "not give

significant evidentiary weight to the medical source statements of . . . Dr. Douglas, . . . a treating source." [Tr. 21.]

When assessing the weight of medical evidence, greater deference is generally afforded to the opinions of treating physicians under the "treating physician rule." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). Under this rule, the opinion of a treating source is given controlling weight if the ALJ finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (alteration in original) (quoting 20 C.F.R. § 404.1527(d)(2)).

In this case, the ALJ's decision to not give Dr. Douglas' opinion controlling weight is supported by substantial evidence. In his opinion, the ALJ stated that Dr. Douglas' "own reports fail to reveal the significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled" and observed how the extreme restrictions in Dr. Douglas' opinion were not consistent with other evidence in the record. [Tr. 21.] As previously noted by Magistrate Judge Shirley, the Lumbar Questionnaire only provides "generic citations as the clinical findings to support [Dr. Douglas'] assessment" and some of these cited materials are not in the record. Notably, the ALJ received Plaintiff's entire treatment record from Bearden Healthcare Associates ("Bearden Healthcare"), where Plaintiff saw Dr. Douglas and other physicians, as well as other records from Plaintiff's treatment at the Fort Sanders Neurosurgical Clinic. [Tr. 339-61, 370-83, 418-71.] Furthermore, there is inconsistency between the restrictions contained in the Lumbar

Questionnaire and the medical treatment records of Richard Boyer, M.D., Plaintiff's treating neurosurgeon, who noted that Plaintiff "is actually coming along fine." [Tr. 340.] Dr. Douglas' opinion is also inconsistent with a state agency reviewing physician's conclusion that Plaintiff could perform a range of light exertional work. [Tr. 362-69.] As more thoroughly discussed by Magistrate Judge Shirley, there is also evidence in the record of Plaintiff's ability to engage in a range activities inconsistent with an inability to complete sedentary work. [Tr. 455, 515, 519, 520, 521, 522.] Thus, there is substantial evidence to support the ALJ's decision to not give Dr. Douglas' opinion controlling weight.

"When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242. The ALJ's explanation "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (citation omitted). In this case, the ALJ engaged in the requisite analysis when noting that "the record reveals that actual treatment visits have been relatively infrequent" and "[t]he doctor's opinion appears to rely in part on an assessment of an impairment(s) for which the claimant received no treatment from that doctor." [Tr. 21.] This conclusion is supported by the record. Aside from Dr. Douglas filling out the Lumbar Questionnaire, the record shows that another physician, Frank McNiel, M.D., provided the majority of treatment to Plaintiff as

part of an ongoing treatment relationship at Bearden Healthcare. [Tr. 370-83, 481-66.] The ALJ went on to explain that less weight was afforded to Dr. Douglas' opinion because it "depart[ed] substantially from the rest of the evidence of record." [Tr. 21.] These findings are also supported by the record and include treatment notes and assessments by other sources as well as Plaintiff's reported activities. [Tr. 340, 362-69, 455, 515, 519, 520, 521, 522.] Thus, the ALJ's decision to not afford Dr. Douglas' opinion "significant evidentiary weight" is supported by substantial evidence and fulfills the procedural requirement to provide "good reasons" to dismiss the opinion of a treating physician. *Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 341 (6th Cir. 2008). Accordingly, the Court will overrule Plaintiff's objection regarding the weight afforded to Dr. Douglas' opinion by the ALJ.

Plaintiff's next objection is that the ALJ erred when not giving greater weight to the opinion of Robert S. Spangler, Ed. D. ("Dr. Spangler"), a consultative psychologist who examined Plaintiff at the request of his counsel. In his report, Dr. Spangler found that Plaintiff had "Generalized Anxiety Disorder, moderate/erratic concentration, moderate to severe/GAF 55."[1] [Tr. 415.] Dr. Spangler concluded that Plaintiff's impairments would cause him to be absent from work more than two days a month. [Tr. 417.] The ALJ did "not give significant evidentiary weight to the medical source statements from Dr. Spangler, a one time examining source retained by counsel." [Tr. 21.] Plaintiff now contends that the ALJ should have given greater weight to Dr. Spangler's report [Tr. 408-17.]

[1]"GAF" refers to Plaintiff's Global Assessment of Functioning score.

As noted by the ALJ, Dr. Spangler is "a one time examining source," so the "treating physicians" framework, discussed above with respect to Dr. Douglas, is inapplicable to Dr. Spangler's report. [Tr. 21.] Though federal regulations recognize that "[g]enerally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you," 20 C.F.R. § 404.1527(d)(1), the weight of an opinion is determined by a number of factors considered in evaluating every medical opinion. *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 469 (6th Cir. 2006). Such factors include the relevant evidence to support an opinion (supportability), consistency of the opinion with the record as a whole (consistency), whether the opinion of a specialist about medical issues relates to his or her areas of specialty (specialization), and other factors. 20 C.F.R. § 404.1527(d)(3)-(6).

While the factors of Dr. Spangler's specialization and more recent consultation with Plaintiff strengthen his opinion, other factors support the ALJ's decision as to the weight given to Dr. Spangler's opinion. Dr. Spangler's opinions on the extent of Plaintiff's restrictions are contradicted by the opinions of other consulting sources who examined Plaintiff. For instance, Mary Barker, M.S. ("Ms. Barker") and Candice Blake ("Dr. Blake") found that Plaintiff's "[a]bility to understand and remember is mildly impaired by depression" and "[a]bility to sustain concentration and persistence is moderately impaired by depression." [Tr. 388.] These sources also noted that "claimant is able to make purchases and count change, and appears to meet the standard of legal competence for money management." [Tr. 388.] Likewise, Dr. Ronald F. Kourany, M.D. ("Dr. Kourany"), who

reviewed Plaintiff's file, determined that Plaintiff would be "able to complete simple and some detailed tasks and sustain persistence on repetitive, routine activities requiring limited contacts with the public." [Tr. 392.] Additionally, evidence regarding Plaintiff's reported activities lend further support to the findings of Ms. Barker, Dr. Blake, and Dr. Kourany, as opposed to those of Dr. Spangler. [Tr. 123-32, 384-89, 387, 455, 515, 519, 520, 521, 522.] Furthermore, as noted by the ALJ, Plaintiff "did not testify to having any mental impairments." [Tr. 22.] Thus, substantial evidence supports the ALJ's decision as to the weight of Dr. Spangler's opinion, and the Plaintiff's objection on that basis is overruled.

In his objection, Plaintiff generally contends that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence. Plaintiff's objection is based on the lack of "significant evidentiary weight" afforded to the opinions of Dr. Douglas and Dr. Spangler, which are the bases for Plaintiff's other objections. For the reasons already discussed, there is substantial evidence to support the ALJ's decision regarding these opinions. Furthermore, there is substantial evidence in the record to support the ALJ's RFC determination regarding Plaintiff's physical and mental impairments. [*See* Tr. 217-22, 223-48, 323-338, 339-61, 418-66, 362-69, 370-83, 384-89, 390-406.]

Finding no error in the report and recommendation, the Court will overrule Plaintiff's objections; accept the report and recommendation in whole; deny Plaintiff's motion for summary judgment; grant Defendant's motion for summary judgment; affirm the Defendant

Commissioner's decision in this case denying Plaintiff's claim for period of disability and disability insurance benefits; and dismiss this case.

An order reflecting this opinion will be entered.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE